UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Carlos and Natalie Acevedo Peraza, | : <br> : <br> : Civil Action No.: _____ <br> : <br> : <br> : <br> : **COMPLAINT** <br> : <br> : <br> : <br> : |
| Plaintiffs, | |
| v. | |
| Hunter Warfield, Inc.; and DOES 1-10, inclusive, | |
| Defendants. | |

For this Complaint, the Plaintiffs, Carlos and Natalie Acevedo Peraza, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiffs' personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiffs, Carlos and Natalie Acevedo Peraza ("Plaintiffs"), are adult individuals residing in Virginia Beach, Virginia, and are each a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant, Hunter Warfield, Inc. ("Hunter"), is a Maryland business entity with an address of 96931 Arlington Road, Suite 400, Bethesda, Maryland 20814, operating as a

collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. Does 1-10 (the "Collectors") are individual collectors employed by Hunter and whose identities are currently unknown to the Plaintiffs. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6. Hunter at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

7. The Plaintiffs allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to Hunter for collection, or Hunter was employed by the Creditor to collect the Debt.

10. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Hunter Engages in Harassment and Abusive Tactics

11. In or around December 2018, Hunter began calling Plaintiffs in an attempt to collect the Debt.

12. Plaintiffs informed Hunter that they could not pay the Debt until April 2019 when they get their tax return.

13. Nevertheless, Hunter continued calling Plaintiffs daily.

14. On or around March 9, 2019, Plaintiffs again informed Hunter that they could not pay the Debt until April 2019.

15. Plaintiffs then called Hunter back to ask why they continued calling. Hunter was upset and in response told Plaintiff that this had been on Hunter's desk for 3 months and it was unacceptable.

16. Thereafter, Hunter continued calling plaintiff through March 2019 causing a great deal of frustration and anxiety.

### C. Plaintiff Suffered Actual Damages

17. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

21. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

22. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

23. The foregoing acts and omissions of the Defendant constitute numerous and

multiple violations of the FDCPA, including every one of the above-cited provisions.

24. The Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages pursuant to MD. Code Comm. Law § 14-203;

5. Actual damages pursuant to MD. Ann. Code. Bus. Reg. § 7-401(b);

6. Actual damages from the Defendants for the all damages suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 27, 2019

                          Respectfully submitted,

                          By   /s/ Sergei Lemberg
                          Sergei Lemberg, Esq.
                          LEMBERG LAW, L.L.C.
                          43 Danbury Road, 3rd Floor
                          Wilton, CT 06897
                          Telephone: (203) 653-2250
                          Facsimile:  (203) 653-3424
                          ATTORNEYS FOR PLAINTIFF